```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

PAUL E. BUONI,
                                                          1:15-cv-1156
                  Plaintiff,                              (GLS/CFH)

           v.

CITIBANK N.A., as Trustee of the
LEHMAN XS TRUST 2007-11, et al.,

                  Defendants.
_____
```

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **FOR THE PLAINTIFF:**<br>Paul E. Buoni<br>Pro Se<br>10 Cedar Drive<br>Albany, NY 12205 | |
| **FOR THE DEFENDANTS:**<br>Sandelands, Eyet Law Firm<br>1545 U.S. Highway 206, Suite 304<br>Bedminster, NJ 07921 | LAURENCE P. CHIRCH, ESQ. |

**Gary L. Sharpe**
**Senior District Judge**

# MEMORANDUM-DECISION AND ORDER

## I. Introduction

Plaintiff *pro se* Paul E. Buoni commenced this action against defendants Citibank N.A., Aurora Loan Services LLC, and Mortgage

Electronic Registration Systems, Inc. (MERS), alleging claims in connection with a New York State real property foreclosure action. (*See generally* Compl., Dkt. No. 1.) Pending is defendants' motion to dismiss pursuant to Rule 12(b)(1) and (6). (Dkt. No. 14.) For the reasons that fallow, the motion is granted.[1]

## II. <u>Background</u>

In 2007, Buoni gave a mortgage to a particular financial institution, who later assigned the mortgage to Aurora. (Dkt. No. 14, Attachs. 4, 5.) Buoni defaulted on the loan given in exchange for the mortgage in July 2009. (Dkt. No. 14, Attach. 6 at 4.)[2] While Buoni apparently made some payments thereafter, he was unable to cure the default. (Dkt. No. 14, Attach. 7 ¶ 23.) Aurora commenced a foreclosure action in New York State Supreme Court in Albany County. (Dkt. No. 14, Attach. 6.) Buoni defaulted in that action and a judgment of foreclosure was eventually

---

[1] Buoni has also sought a settlement conference by way of letter motion. (Dkt. No. 24 at 1.) Because the motion to dismiss is granted, his request for a settlement conference is moot and denied as such.

[2] Notably, by defaulting in the underlying foreclosure action, Buoni is "deemed to have admitted all factual allegations contained in the [foreclosure] complaint and all reasonable inferences that flow from them." *Woodson v. Mendon Leasing Corp.*, 100 N.Y.2d 62, 71 (2003). Accordingly, the court draws some facts from the underlying complaint, which are deemed admitted.

2

entered.  (Dkt. No. 14, Attach. 9 at 3; Dkt. No. 25 at 4-12.[3])

Buoni asserts three causes of action arising out of the foregoing circumstances: (1) breach of contract; (2) quiet title; and (3) declaratory judgment.  (Compl. ¶¶ 145-90.)  By his own admission, Buoni is attacking the validity of the mortgage itself.  (*Id.* ¶ 28.)  Injunctive relief and money damages are sought by Buoni.  (*Id.* at 27.)

### III. **Standard of Review**

The standard of review applicable to Fed. R. Civ. P. 12(b)(6) motions is well settled and will not be repeated here.  For a full discussion of the standard, the court refers the parties to its decision in *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y.2010).  Additionally, "[a] case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b) (1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  "In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings." *Id.*  "[W]hen the question to be considered is one

---

[3] The court takes judicial notice of the April 4, 2016 judgment of foreclosure; it is a public record.  *See Pacherille v. Burns*, 30 F. Supp. 3d 159, 161 n.3 (N.D.N.Y. 2014).

3

involving the jurisdiction of a federal court, jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir.1998).

## IV. <u>Discussion</u>

Among other arguments, defendants assert that the complaint amounts to "an improper collateral attack on a prior foreclosure proceeding, in which judgment was previously entered against [Buoni]." (Dkt. No. 14, Attach. 1 at 5-8.) More specifically, defendants contend that Buoni's complaint should be dismissed because he essentially seeks appellate review of a state court judgment, which is barred by the *Rooker-Feldman* doctrine. (*Id.*) Throughout their papers, defendants represent that final judgment was entered prior to commencement of this federal action, (*see, e.g.*, *id.* at 7, 10); however, in a more recent filing, they clarify that final judgment was not entered until April 4, 2016, (Dkt. No. 25). As explained below, the *Rooker-Feldman* doctrine does not apply.

Pursuant to the *Rooker-Feldman* doctrine, the Supreme Court is the only federal court authorized to exercise appellate jurisdiction over state court judgments. *See Johnson v. Smithsonian Inst.*, 189 F.3d 180, 185 (2d

Cir. 1999) ("The *Rooker-Feldman* doctrine also bars federal courts from considering claims that are 'inextricably intertwined' with a prior state court determination." (citation omitted)), *abrogated on other grounds by United States v. Kwai Fun Wong*, 135 S. Ct. 1625 (2015); *Dunn v. Deutsche Bank Nat'l Trust Co.*, No. 5:11-CV-712, 2011 WL 4809954, at *3 (N.D.N.Y. Oct. 11, 2011) (citing *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 414-16 (1923)). In essence, the *Rooker-Feldman* doctrine bars "what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994). The Second Circuit has outlined four requirements for determining whether this doctrine applies: (1) the plaintiff now in federal court must have lost in state court; (2) the injuries of which the plaintiff complains must have been caused by a state court judgment; (3) the plaintiff must invite district court review and rejection of that judgment; and (4) the state court judgment must have been rendered before the district court proceedings commenced. *See Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005).

Here, the *Rooker-Feldman* doctrine does not apply because final judgment was not entered in state court before the commencement of this action. By defendants' own admission, final judgment was not entered until April 4, 2016, which post-dates commencement of this action by several months. (Dkt. No. 25 at 1, 4-9.)[4] Moreover, the court is unaware of any precedent, and defendants do not cite any — even though they fault Buoni for failing to provide "any legal support," (Dkt. No. 22 at 2), for his argument that entry of judgment in the state action is a prerequisite to the application of *Rooker-Feldman*, (Dkt. No. 20 at 2) — that permits application of the *Rooker-Feldman* doctrine where, as here, a defendant in a foreclosure action defaults, but commences a federal action before final judgment is entered. As such, the *Rooker-Feldman* doctrine does not appear to be a legitimate basis to dismiss the action.

Defendants next argue that the complaint must be dismissed

---

[4] The court finds defendants assertion that "judgment was entered against plaintiff in the Foreclosure Action on May 8, 2015," (Dkt. No. 14, Attach. 1 at 7), disingenuous. The court appreciates that a proposed "Order of Reference," dated May 8, 2015, was signed by an Acting Supreme Court Justice, and that same includes language in the decretal paragraph that "a default judgment . . . is granted as to all of the facts and issues described" in the foreclosure complaint, (Dkt. No. 19, Attach. 9 at 3). The distinction between an order of reference premised upon a party's default and a final judgment of foreclosure is not insignificant.

6

because Buoni's claims are barred by *res judicata*.[5]  (Dkt. No. 14, Attach. 1 at 8-10.)  This argument also fails.

"'[T]he general doctrine of *res judicata* gives binding effect to the judgment of a court of competent jurisdiction and prevents the parties to an action, and those in privity with them, from subsequently re-litigating any questions that were necessarily decided therein.'" *Landau. P.C. v. LaRossa, Mitchell & Ross*, 11 N.Y.3d 8, 13 (2008) (quoting *In re Shea's Will*, 309 N.Y. 605, 616 (1956)).  As to privity, while "district courts generally have found there to be privity between a mortgage servicer and the owner of mortgage," MERS "does not receive privity status for *res judicata* purposes [where] its interest in the note and mortgage precede[s] the state court foreclosure action." *Zap v. Fed. Home Loan Mortgage Corp.*, No. 6:15-cv-00624, 2016 WL 2992147, at *6 (N.D.N.Y. May 20, 2016) (internal quotation marks and citation omitted).

Here, the privity element is lacking with respect to MERS.  Just as in *Zap*, *see* 2016 WL 2992147, at *6, MERS acted solely as nominee for First

---

[5] Notably, "[t]he preclusion law of the state in which the judgment was rendered . . . governs the federal court's determination of the preclusive effect of the state court decision." *Gianatasio v. D'Agostino*, 862 F. Supp. 2d 343, 348 (S.D.N.Y. 2012) (internal quotation marks and citations omitted); *see* 28 U.S.C. § 1738.  Accordingly, the discussions of *res judicata* and collateral estoppel, below, rely on New York law.

Magnus Financial Corporation. (Dkt. No. 14, Attach. 4.) MERS later assigned its interest in the mortgage to Aurora, and there is no indication that MERS retained any interest for itself. (Dkt. No. 14, Attach. 5.) Accordingly, privity is lacking with respect to MERS and *res judicata* cannot apply.

Defendants also assert that collateral estoppel requires dismissal. (Dkt. No. 14, Attach. 1 at 10-11.) Notably, Buoni fails to respond to this argument, which, by itself, can amount to abandonment of his claims. *See Stubby Strip, LLC v. Food Mkt. Merch., Inc.*, No. 5:15-cv-1410, 2016 WL 5374116, at *3 (N.D.N.Y. Sept. 26, 2016). In any event, the court agrees with defendants that dismissal, on collateral estoppel grounds, is required.

Issue preclusion, or collateral estoppel, bars re-litigation of an issue that was fully and fairly litigated in a prior proceeding provided that

> "(1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and decided, (3) there was a full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits."

*Conason v. Megan Holding, LLC*, 25 N.Y.3d 1, 17 (2015) (quoting *Alamo v. McDaniel*, 44 A.D.3d 149, 153 (1st Dep't 2007)). The party invoking

preclusive effect is required to demonstrate that the issues are indeed identical. *See Ryan v. N.Y. Tel. Co.*, 62 N.Y.2d 494, 501 (1984).

Here, defendants contend that Buoni's challenge to "the validity of the Mortgage Loan" and ownership of the property securing the mortgage is identical to issues decided against him in the foreclosure action. (Dkt. No. 14, Attach. 1 at 11.) It is plain from the complaint that Buoni seeks to "determine the validity of the Mortgage as to any unrecorded assignees over a period of years." (Compl. ¶ 28.) The validity of the mortgage was at the very heart of the foreclosure action, and that issue was decided against Buoni when default judgment was entered. (Dkt. No. 25 at 4-12.) Accordingly, collateral estoppel bars Buoni from re-litigating the same issues in this action, and dismissal is required. *See Best v. Bank of Am., N.A.*, No. 14-CV-6546, 2015 WL 5124463, at *4 (E.D.N.Y. Sept. 1, 2015).

## V. <u>Conclusion</u>

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that defendants' motion to dismiss (Dkt. No. 14) is **GRANTED**; and it is further

**ORDERED** that Buoni's complaint (Dkt. No. 1) is **DISMISSED**; and it is further

9

**ORDERED** that Buoni's letter motion seeking a settlement conference (Dkt. No. 24) is **DENIED** as moot; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk serve a copy of this Memorandum-Decision and Order on the parties.

**IT IS SO ORDERED.**

October 19, 2016
Albany, New York

Gary L. Sharpe
U.S. District Judge